[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12722
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cr-20510-KMW-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CLIFFORT VARISTE,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 31, 2015)

Before HULL, JULIE CARNES and BLACK, Circuit Judges.

PER CURIAM:

Cliffort Variste appeals from his convictions and 75-month sentence for access device fraud, in violation of 18 U.S.C. § 1029(a)(2), and aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1).  Variste contends (1) the district court abused its discretion by admitting IRS agent Karyn Calabrese's testimony about indicators of fraud on Variste's tax returns as lay opinion testimony and (2) the district court clearly erred by concluding Variste's offense involved more than fifty victims.  As the parties are familiar with the facts, we weave them into the discussion only as necessary.  Upon review, we affirm.

## 1.  Calabrese's testimony

Calabrese, a special agent with the IRS's Criminal Investigations unit, participated in the IRS's investigation of Variste and reviewed the tax returns filed under Variste's electronic filer identification number (EFIN).[1]  Calabrese prepared a summary of some of the information from the returns and testified about several indicators of fraud she noticed when reviewing them.  The district court allowed Calabrese's testimony about these fraud indicators as lay opinion testimony under Federal Rule of Evidence 701.  On appeal, Variste argues the district court erred in allowing Calabrese's testimony as lay opinion testimony.  Variste contends Calabrese's testimony was expert testimony and, as such, the district court should have evaluated its admissibility under Federal Rule of Evidence 702 and the

---

[1] An EFIN is a number assigned by the IRS to a tax preparer that enables the tax preparer to file multiple returns.

2

factors set forth in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

The district court did not abuse its discretion by admitting Calabrese's testimony about indicators of fraud on Variste's tax returns as lay opinion testimony under Rule 701. *See United States v. Jayyousi*, 657 F.3d 1085, 1102 (11th Cir. 2011) ("We review the district court's ruling regarding the admissibility of the agent's lay testimony under Rule 701 for a clear abuse of discretion."). Rule 701 allows a lay witness to offer opinion testimony if it is "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." *See* Fed. R. Evid. 701.

Calabrese's testimony satisfied Rule 701's requirements for lay opinion testimony. First, her testimony was based on her personal review of the tax returns filed under Variste's EFIN. Second, her testimony about the fraud indicators helped the jury better understand the significance of the commonalities in the tax returns. Third, Calabrese's testimony was not the type of specialized testimony that needed to be admitted under Rule 702 because it was based on a summary of documents related to the case, the jury could have reviewed the documents itself and noticed the commonalities among the returns filed under Variste's EFIN, and

3

the opinions given by Calabrese related to the summary that she prepared. *See United States v. Hamaker*, 455 F.3d 1316, 1331-32 (11th Cir. 2006) (concluding a financial analyst from the Federal Bureau of Investigation gave lay testimony when he summarized thousands of financial documents, compared time sheets to payroll entries, and testified a fraud victim was billed for work that was performed for someone else, because "while [the agent's] expertise and the use of computer software may have made him more efficient at reviewing [the company's] records, his review itself was within the capacity of any reasonable lay person"); *see also United States v. Hill*, 643 F.3d 807, 841 (11th Cir. 2011) ("Rule 701 does not prohibit lay witnesses from testifying based on particularized knowledge gained from their own personal experiences."). Therefore, the district court did not abuse its discretion by admitting Calabrese's testimony as lay opinion testimony under Rule 701.

## 2. *Number of Victims*

Next, Variste contends the district court erred in applying a four-level enhancement under United States Sentencing Guidelines (U.S.S.G.) § 2B1.1(b)(2)(B) because it found the offense involved more than 50 victims. According to Variste, the actual number of victims was 44 because his family members and friends who did not suffer losses and who voluntarily provided their information to him do not qualify as victims within the meaning of the Guidelines.

The district court did not err, much less clearly err, in concluding Variste's offense involved more than 50 victims. *See United States v. Rodriguez*, 732 F.3d 1299, 1305 (11th Cir. 2013) (reviewing the district court's calculation of the number of victims for clear error). When calculating the number of victims for fraud offenses involving the unlawful use of others' means of identification, a victim is either a person who suffered an actual loss from the offense or a person "whose means of identification was used unlawfully or without authority." *United States v. Baldwin*, 774 F.3d 711, 735 (11th Cir. 2014) (quoting U.S.S.G. § 2B1.1, comment. (n. 4(E)). "The district court's factual findings for purposes of sentencing may be based on, among other things, evidence heard during trial, undisputed statements in the PSI, or evidence presented during the sentencing hearing." *United States v. Ndiaye*, 434 F.3d 1270, 1300 (11th Cir. 2006) (quotation omitted).

Substantial evidence supported the district court's conclusion that Variste used means of identification from more than 50 victims without their authority. At sentencing, Variste conceded that at least 43 of the 52 tax returns filed under his EFIN were unauthorized returns. Additionally, Variste did not object to paragraph 13 of the PSI, which stated Variste filed at least 17 other fraudulent tax returns under an unindicted co-conspirators EFIN. *See United States v. Shelton*, 400 F.3d 1325, 1330 (11th Cir. 2005) (unobjected-to-facts in PSI are deemed admitted).

5

Furthermore, Variste did not object to Exhibit 30C, which contained e-mails from his phone confirming that returns were sent under the co-conspirators EFIN. Given the totality of the record, the district court did not error, clearly or otherwise, in concluding there were more than 50 victims.

Accordingly, we **AFFIRM** Variste's convictions and sentence.